UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RENEE BROWN, | Case No. 2:24-cv-00213-MMD-BNW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WALMART, | |
| Defendant. | |

I.  **SUMMARY**

Plaintiff Renee Brown filed a personal injury action in state court against Defendant Walmart for a slip-and-fall accident that occurred on the premises of one of Walmart's stores. (ECF No. 1-1.) Defendant removed the action to this Court. (ECF No. 1.) Before the Court is Plaintiff's motion to remand to state court (ECF No. 6).[1] As explained below, because Defendant's removal is untimely under the one-year time limitation set forth in 28 U.S.C. § 1446(c)(1) and Plaintiff did not act in bad faith to prevent removal, the Court will grant the motion to remand.

II.  **BACKGROUND**

In July 2020, Plaintiff slipped and fell on a puddle of water near an ice fridge in a Walmart store in Las Vegas, Nevada and sustained injuries. (ECF No. 1-1 at 3-4.) On June 27, 2022, Plaintiff filed this action against Walmart and Doe defendants in the Eighth Judicial District Court of Clark County, Nevada. (*Id.* at 1.) Plaintiff brought claims for "negligence - premises liability" and "negligent hiring, training, retention and supervision," seeking general damages "in excess of $15,000" and special damages for Plaintiff's incurred and future medical expenses "in excess of $15,000." (*Id.* at 5-9.) Walmart was

---

[1]Defendant responded (ECF No. 7), and Plaintiff replied (ECF No. 8).

alleged to be "a foreign corporation, organized and existing [under] the laws of the State of Delaware." (*Id.* at 1-2.)

On August 31, 2022, Plaintiff filed a first amended complaint, naming Susan Manterola and Jeremiah Wood as defendants who were allegedly managers on-duty at the time of the slip-and-fall incident. (ECF No. 6-2 at 2-3.) Manterola and Wood were alleged to be citizens of Nevada. (*Id.* at 3.)

On November 1, 2022, Plaintiff filed a request for exemption from arbitration, alleging damages for incurred medical expenses and estimated future medical expenses in the total amount of $371,822.79. (ECF No. 1 at 2; ECF No. 1-3 at 3-4.)

On May 12, 2023, the state court granted a stipulation dismissing with prejudice the claims against Wood. (ECF No. 1-5.) On December 19, 2023, Manterola filed a motion to dismiss all claims against her under Nevada Rules of Civil Procedure ("NRCP") 12(b)(5). (ECF No. 1-6.) On January 22, 2024, the state court issued a minute order granting Manterola's motion to dismiss as unopposed. (ECF No. 1-7.)

On January 30, 2024, Defendant filed a petition for removal to this Court. (ECF No. 1.) Plaintiff subsequently filed a motion to remand to state court on February 22, 2024. (ECF No. 6.)

**III. DISCUSSION**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed by the defendant to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). However, courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). After

removal, a plaintiff may move to remand the action to state court for lack of federal jurisdiction or for procedural defects. *See* 28 U.S.C. § 1447(c). "[A] court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (citations omitted).

Here, Defendant removed the action under 28 U.S.C. § 1332 based on diversity jurisdiction. (ECF No. 1 at 4.) The parties do not dispute that diversity of citizenship is satisfied or that the amount in controversy exceeds $75,000. (ECF No. 6 at 2; ECF No. 7 at 3.) Plaintiff moves to remand based on untimeliness—a procedural defect—of Defendant's removal. (ECF No. 6 at 2.) *See also Smith*, 761 F.3d at 1045 (finding the time limit requirements in the removal statute to be procedural).

Removal procedure of a civil action from a state to federal court is set forth in 28 U.S.C. § 1446. A defendant seeking to remove a case must generally do so within 30 days of service. *See* 28 U.S.C. § 1446(b)(1). However, "[e]xcept as provided in subsection (c), if the case stated by the initial pleadings is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendant relies on 28 U.S.C. § 1446(b)(3), as it adequately demonstrated in its petition for removal that Plaintiff's initial complaint did not put Defendant on notice that the amount in controversy was in excess of $75,000 and thus was not initially removable. (ECF No. 1 at 3.) After it became apparent that the amount in controversy exceeded $75,000 with Plaintiff's filing of a request for exemption from arbitration (ECF No. 1-3) and after two added, non-diverse defendants—Manterola and Wood—were dismissed from the state court action (ECF Nos. 1-5, 1-7), Defendant filed the notice of removal on January 30, 2024 (ECF No. 1)—well within 30 days after receipt of the January 22, 2024 order dismissing the final non-diverse defendant (ECF No. 1-7). Defendant contends that

this means its removal was timely under § 1446(b)(3). (ECF No. 1 at 3-4; ECF No. 7 at 4-5.)

However, Plaintiff correctly points out that § 1446(b)(3) is subject to a restriction set forth in § 1446(c)(1). (ECF No. 6 at 2; ECF No. 8 at 4.) Under § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Plaintiff commenced this action in state court on June 27, 2022. (ECF No. 6-1.) Defendant filed its petition for removal on January 30, 2024, about one year and seven months afterwards (ECF No. 1), and therefore, this case may not be removed "unless [this Court] finds that [P]laintiff has acted in bad faith in order to prevent [D]efendant from removing the action," *see* 28 U.S.C. § 1446(c)(1).

Defendant appears to argue that Plaintiff acted in bad faith to prevent removal because Plaintiff's claims against Manterola and Wood had no basis in law or fact and thus Plaintiff's joinder of those non-diverse defendants constituted fraudulent joinder. (ECF No. 7 at 3.) "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citations omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Id.* (citation omitted). "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (emphasis in original, citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.*

Defendant first argues that if Manterola and Wood were employees of Defendant, they could not be liable for the acts of Defendant's employees under *respondeat superior*. (ECF No. 7 at 4.) The Court finds this to be an unpersuasive narrowing of the allegations because Plaintiff's amended complaint alleged a viable theory of direct negligence liability against Manterola and Wood, as managers allegedly on-duty and in control of the premises at the time of the slip-and-fall incident who knew about the water on the ground and failed to clean up or direct someone to clean up the water. (ECF No. 6-2 at 7.) *See also Leuenberger v. Walmart, Inc.*, Case No. 2:22-cv-01598-CDS-BNW, 2024 WL 81401, at *2 (D. Nev. Jan. 5, 2024) (citing *Foster v. Costco Wholesale Corp.*, 291 P.3d 150 (Nev. 2012)) ("When a plaintiff's negligence claim is based on premises liability, the plaintiff must prove that the defendant owned or had control of the premises, knew or should have known of a dangerous condition that could cause injury, and failed to take adequate steps to prevent such injury from occurring."). Plaintiff's amended complaint also alleged a viable claim of negligent hiring, training, retention, and supervision against Manterola and Wood in their alleged roles as managers and supervisors of other employees. (ECF No. 6-2 at 9.) *See also Hall v. SSF, Inc.*, 930 P.2d 94, 96-97 (Nev. 1996) (involving a claim of negligent hiring, training, retention, and supervision against a manager of a nightclub, in addition to the owner of the nightclub).

"[I]n many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined," but "the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined." *Grancare*, 889 F.3d at 549 (citations omitted). Defendant asserts that Plaintiff's stipulation to dismiss Wood and failure to oppose Manterola's motion to dismiss demonstrate that they were only joined to defeat diversity jurisdiction. (ECF No. 7 at 4.) Defendant also argues that because these defendants were dismissed with prejudice, that forecloses any possibility that Plaintiff could establish they were liable. (*Id.*)

The Court rejects both of these arguments because eventual dismissal on such grounds—particularly when not expressly on the merits—does not necessarily mean that

there was no legal or factual possibility of liability nor that Plaintiff knew that Manterola and Wood were not proper defendants at the time of joinder. Moreover, the inquiry here does not depend on the fact that the state court already dismissed these claims but on whether they were "obviously not viable according to well-settled rules of state law"—which the Court does not find so here. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993-94 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). Defendant points to no other facts in its argument to demonstrate that there was no possibility that Plaintiff could state a cause of action against Manterola and Wood.[2]

Accordingly, Defendant has failed to meet its "heavy burden" to demonstrate fraudulent joinder. *See Grancare*, 889 F.3d at 548. The Court therefore does not find that Plaintiff "acted in bad faith in order to prevent [Defendant] from removing the action," *see* 28 U.S.C. § 1446(c)(1), and finds that Defendant has not met its burden to establish that removal is proper, *see Gaus*, 980 F.2d at 566. Because Defendant's removal is improper, specifically untimely under the one-year time limitation set forth in 28 U.S.C. § 1446(c)(1), the Court grants Plaintiff's motion to remand this action to state court.

---

[2]Defendant briefly mentions in the background section of its opposition brief that Manterola's unopposed motion to dismiss "argu[ed] that she had no knowledge of Plaintiff's incident, that she was not an employee at the subject store, and that she was not present at the time the incident occurred." (ECF No. 7 at 3.) Defendant itself does not frame such arguments as "facts" but has attached Manterola's state court motion to dismiss and her interrogatory responses and declaration on which those arguments were made. (ECF No. 7-3.)

Even if the Court were to construe this as Defendant proffering evidence of fraudulent joinder as to Manterola, the Court is not persuaded. First, the Court is skeptical about why matters outside the pleadings were presented to the state court on an NRCP 12(b)(5) "failure to state a claim" motion in the first place. *See* NRCP 12(b)(5), 12(d). Second, Plaintiff did not have knowledge of Manterola's interrogatory responses and declaration until about eight months after joining Manterola (ECF No. 7-3), and "a denial, even a sworn denial, of allegations does not prove their falsity." *Grancare*, 889 F.3d at 551 (discussing a declaration in the context of demonstrating fraudulent joinder). Moreover, "[a] defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff Renee Brown's motion to remand to state court (ECF No. 6) is granted. This action is remanded to the Eighth Judicial District Court of Clark County, Nevada.

The Clerk of Court is directed to close this case.

DATED THIS 29th Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE